IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARBARA ANN KELLY, | * | |
| Appellant, | * | |
| v. | * | Civil Action No. PX-17-3846 |
| ROGER SCHLOSSBERG, | * | |
| Appellee. | * | |
| GREGORY B. MYERS, | * | |
| Appellant, | * | |
| v. | * | Civil Action No. PX-17-3847 |
| ROGER SCHLOSSBERG, | * | |
| Appellee. | * | |
| GREGORY B. MYERS, *et al.*, | * | |
| Appellants, | * | |
| v. | * | Civil Action No. PX-18-0336 |
| ROGER SCHLOSSBERG, *et al.*, | * | |
| Appellees. | * | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court in the three above-captioned bankruptcy appeals is the motion of Appellee Roger Schlossberg, Chapter 7 Trustee in the underlying bankruptcy case ("the Trustee"), for relief from the automatic stay provision of 11 U.S.C. § 362(a) and for dismissal of

1

these appeals as moot. (ECF No. 19.[1]) The matter is fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. Upon consideration, the Court denies the Trustee's motion to lift the stay, but grants the Trustee's motion to dismiss the appeals as moot.[2]

## I. Background

The appeals all arise from an adversarial proceeding in the bankruptcy case of Gregory B. Myers, who, along with his wife Barbara Ann Kelly, are the appellants in these cases (collectively, "Appellants"). Myers initiated an adversary proceeding in his capacity as a Chapter 11 debtor-in-possession against Offit Kurman, a law firm previously employed by Myers and Kelly. *See Myers v. Offit Kurman, P.A.*, Adversary Proceeding No. 16-00474, ECF No. 59 at 3 (Bankr. D. Md. Dec. 18, 2017). Offit Kurman had filed proofs of claim in Myers' bankruptcy proceeding; the adversarial complaint followed in response. *Id.* at 3–4. After the conversion of Myers' underlying bankruptcy proceeding to one under Chapter 7 of the Bankruptcy Code, which vested the Trustee with standing to pursue or to settle the claims, the Trustee chose not to pursue the adversary proceeding because he found it unlikely to succeed and because Appellants—whose testimony would be crucial to prosecuting the adversarial complaint—were, in the Trustee's view, unreliable witnesses. *Id.* at 8–9. Instead, the Trustee moved for approval of a Compromise and Settlement, which the Bankruptcy Court granted over Appellants' objections. *See generally id.*

---

[1] Unless otherwise noted, ECF Numbers refer to the docket in Civil Action Number PX-17-3846, *Kelly v. Schlossberg*. The dispositive filings are triple-captioned and filed in each case, as required by the April 19, 2018, Order of the Court. *See* ECF No. 18.

[2] Also pending is Appellants' Motion for Leave of Court to file a surreply in opposition to the Trustee's motion. (ECF No. 24.) Surreplies are highly disafored in this Court. *Roach v. Navient Sols., Inc.*, 165 F. Supp. 3d 343, 351 (D. Md. 2015). The Court has reviewed the parties' briefing, including Appellants' proposed surreply, and finds that a surreply is neither necessary nor helpful with respect to the dispositive issues in these appeals. Therefore, the Motion for Leave is DENIED.

At the heart of the adversarial proceeding was who possessed the right to the proceeds from the sale of Lot 6, real property in Seaside, Florida, that was jointly owned by Myers and Kelly. That property had been pledged by Appellants as security for the payment of legal fees owed to Offit Kurman. The settlement between the Trustee and Offit Kurman gave the law firm an allowed secured joint claim in the amount of $550,000.00 to be paid from the balance of the Lot 6 sale proceeds that had been held in escrow by the Trustee, along with an allowed unsecured joint claim of $185,116.27. The Trustee and Offit Kurman also agreed that upon approval of the settlement, $525,000.00 would be disbursed from the escrowed funds, while the Trustee would retain $210,116.27 to help defray the estate's administrative expenses. The settlement was consummated prior to January 10, 2018. Those amounts were disbursed according to the settlement terms. *See Myers v. Offit Kurman, P.A.*, Adversary Proceeding No. 16-00474, ECF No. 80 at 3 (Bankr. D. Md. Jan. 10, 2018); *Myers v. Offit Kurman, P.A.*, Adversary Proceeding No. 16-00474, ECF No. 83 at 1–2 (Bankr. D. Md. Jan 18, 2018).

Appellants thereafter filed separate, parallel appeals of the Bankruptcy Court's order approving the settlement docketed as PX-17-3846 and PX-17-3847. Appellants also moved for a stay in the Bankruptcy Court pending appeal, which the Bankruptcy Court denied, finding that such a stay was moot because the approved settlement already had been consummated. *See Myers v. Offit Kurman, P.A.*, Adversary Proceeding No. 16-00474, ECF No. 83 at 1–2 (Bankr. D. Md. Jan. 18, 2018). Appellants jointly appeal the Bankruptcy Court's denial of the stay in PX-18-0336. All three appeals are the subject of this Opinion.

While the three appeals pending, Kelly alerted this Court on March 22 that on March 13, 2018, she had filed a voluntary petition for bankruptcy under Chapter 13 of the Bankruptcy Code. Kelly further asserted that the new bankruptcy petition operated to stay automatically the

appeals pursuant to 11 U.S.C. § 362(a) (the automatic stay provision). *See* ECF No. 12. On the new Chapter 13 petition, Kelly lists the "Lot 6 Sale Proceeds in Escrow" as a purported asset of her estate.[3] The Court directed the Trustee to advise the Court on his position as to whether Kelly's Chapter 13 bankruptcy operated to stay these appeals, and whether the appeals were moot. *See* ECF No. 13. The Court subsequently directed the Trustee to file additional briefing on the issue of whether relief from the stay should be granted. *See* ECF No. 18. The Trustee formally moved for relief from stay and for dismissal, which Appellants timely opposed.[4] *See* ECF Nos. 19, 21. The Trustee replied, and the matter now is ripe for consideration. *See* ECF No. 23.

**II.     Legal Standard**

   **a.  The § 362(a) Stay**

Section 362(a) of the Bankruptcy Code, the automatic stay provision, applies to (1) the "commencement or continuation" of a "judicial, administrative or other action or proceeding against the debtor that was or could have been commenced" before the bankruptcy proceeding; (2) the enforcement of a judgment against the debtor or against property of the estate of a judgment obtained before the commencement of the bankruptcy proceeding; or (3) any act to obtain possession of property of the estate; and in certain other enumerated circumstances not directly at issue here. 11 U.S.C. § 362(a). The purpose of this automatic stay is to prevent

---

[3]     Although some quantity of the Lot 6 proceeds may remain in escrow, these appeals concern only those amounts that were in fact disbursed by the Trustee to Offit Kurman. *See* ECF No. 22 at 21. Appellants argue, however, that no evidence demonstrates disbursement of any amounts pursuant to the settlement agreement. This contention is squarely contradicted by the record, which reflects disbursement even prior to Appellants' attempt to stay the settlement in the Bankruptcy Court. *See Myers v. Offit Kurman, P.A.*, Adversary Proceeding No. 16-00474, ECF No. 83 at 1–2 (Bankr. D. Md. Jan. 18, 2018).

[4]     Prior to filing their response in opposition, Appellants requested an extension of time. *See* ECF No. 20. These requests shall be denied as moot.

"disruption of the debtor's business and a disorderly scramble for the debtor's remaining assets" while the bankruptcy action proceeds. *Advanced Comput. Servs. of Mich., Inc. v. MAI Sys. Corp.*, 161 B.R. 771, 774 (E.D. Va. 1993); *see also In re Dubois*, 834 F.3d 522, 528 (4th Cir. 2016) ("The automatic stay helps channel debt collection activity into the bankruptcy process."); *In re McCrimmon*, 536 B.R. 374, 380 (Bankr. D. Md. 2015) (a chief purpose of the automatic stay is to allow for a systematic liquidation proceeding and avoid a variety of uncoordinated proceedings in different courts).

Notwithstanding a § 362(a) stay, the Court retains jurisdiction to determine the applicability of that stay in the action pending before it, and to enter orders not inconsistent with the stay. *Adv. Comput. Servs.*, 161 B.R. at 775 n.4 ("[I]t is sensibly settled that both the bankruptcy court and the court in which the action against the debtor is pending may decide the applicability of the § 362(a) stay."); *Sawyer v. Jackson*, 224 F. Supp. 3d 461, 462 n.3 (E.D. Va. 2016) (citing *Arnold v. Garlock Inc.*, 288 F.3d 234, 236 (5th Cir. 2002)). Importantly, the automatic stay imposed by § 362(a) is inapplicable to "dismissing . . . [a] case on jurisdictional grounds." *MTGLQ Inv'rs, L.P. v. Guire*, 286 F. Supp. 2d 561, 563 (D. Md. 2003); *id.* at 564 n.3 (citing with approval a case in which a court ruled on a motion to dismiss for lack of venue during the period of the applicable § 362(a) stay); *cf. Sanders v. Farina*, 67 F. Supp. 3d 727, 729 (E.D. Va. 2014) (remand is permissible in the face of a stay because it "is simply a finding that the court lacks power to hear the case and that the case belongs in another court" (citing *MTGLQ Inv'rs*, 286 F. Supp. 2d at 563)); *Ward v. Reinheimer*, Civil Action No. WMN-13-3174, 2014 WL 346646, at *1 (D. Md. Jan. 28, 2014) (if a Court's action "expresses no opinion regarding the merits" of a claim, and the action addresses a procedural issue, it "does not continue the case in any significant manner" (discussing remand)).

5

This is so because the purpose of the § 362(a) stay is to maintain the priority of claims against a debtor's estate. If consideration of the issues raised in the otherwise stayed proceeding will not affect either the debtor's assets or the creditors' standing in the bankruptcy action, the Court is free to address those issues. *See ComUnity Collectors LLC v. Mortg. Elec. Registration Servs., Inc.*, Nos. C-11-4777 EMC, C-12-0771 EMC, 2012 WL 3249509, at *5 (N.D. Cal. Aug. 7, 2012) ("while some of Defendants' motions to dismiss would likely run afoul of the automatic stay, here [the motion] demonstrates that the Court lacks subject matter jurisdiction over this action. . . . Because considering this motion does not implicate the underlying issues or merits of this action, the automatic stay does not apply."); *Schaffer v. Atl. Broadcasting*, Civil No. 10-5449 (RBK/KMW), 2011 WL 1884734, at *4 (D.N.J. May 17, 2011) (remand would not further the collection efforts of debtor's creditors, or otherwise encourage creditors to harass debtor during the pendency of the bankruptcy proceedings); *Cook v. Mellon Stuart Co.*, 812 F. Supp. 793, 798 n.3 (N.D. Ill. 1992) ("the present inquiry respects this court's subject matter jurisdiction . . . . The subsequent bankruptcy filing and resulting stay under section 362 of the Bankruptcy Code . . . do not prevent this court from remanding an improperly removed action.").

### b. Mootness

The Court has jurisdiction only to hear actual cases and controversies. *See* U.S. Const. art. III, § 2. Accordingly, if a case is moot, the Court lacks jurisdiction to consider it. *See Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011) (mootness constitutes part of the limit on federal court jurisdiction); *Int'l Brotherhood of Teamsters, Local Union No. 639 v. Airgas, Inc.*, 885 F.3d 230, 235–36 (4th Cir. 2018) (quoting *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008)). "[A]n appeal is moot when an affirmance would ostensibly require something to be done which had already taken place, and a reversal would

6

ostensibly avoid an event which had passed beyond recall." *In re Carr*, 321 B.R. 702, 706 (E.D. Va. 2005) (internal quotation marks omitted) (quoting *Brownlow v. Schwartz*, 261 U.S. 216, 217–18 (1923)). "If intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Simmons*, 634 F.3d at 763 (quoting *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983)). If a case is moot, and the Court cannot possibly provide effective relief, then the Court lacks jurisdiction to hear the case and dismissal is warranted. *See Int'l Brotherhood*, 885 F.3d at 235 ("If an event occurs during the pendency of an appeal that makes it impossible for a court to grant effective relief to a prevailing party, then the appeal must be dismissed as moot."); *In re Carr*, 321 B.R. at 702.

### III. Discussion

The questions presented on appeal in all three cases are constitutionally moot. Appellants essentially challenge the Trustee's authority to disburse proceeds from the Lot 6 sale through the settlement reached with Offit Kurman. That settlement had been consummated *before* the Appellants first requested that the Bankruptcy Court stay its consummation. *See Myers v. Offit Kurman, P.A.*, Adversary Proceeding No. 16-00474, ECF No. 83 (Bankr. D. Md. Jan. 18, 2018). Because the settlement has been consummated, it cannot be stayed (as defendants seem to request by filing PX-18-0336). *See In re Carr*, 321 B.R. at 707 ("Carr's appeal is moot as a constitutional matter because the orders Carr seeks to stay have already been carried out and all of the funds in the bankruptcy estate have already been disbursed.").[5]

---

[5] Alternatively, Case Number 18-0336 is properly dismissed for failure to designate the record. Appellants never showed good cause for failure to designate, as directed. *See Dennis v. A.H. Robins Co., Inc.*, 860 F.2d 871, 872 (8th Cir. 1988); *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1108–09 (9th Cir. 2006) (a district court has the power to dismiss a case for docket management purposes notwithstanding an automatic stay).

7

Nor can the substantive appeals, PX-17-3846 and PX-17-3847, result in relief to Kelly and Myers; Offit Kurman is not a party to these appeals, and so cannot be ordered to return the funds it received. *See id.*; *In re Blumer*, 66 B.R. 109, 113 (B.A.P. 9th Cir. 1986), *aff'd*, 826 F.2d 1069 (9th Cir. 1987), and *aff'd sub nom. Dunning-Ray Ins. Agency, Inc. v. Credit All. Corp.*, 826 F.2d 1069 (9th Cir. 1987). Indeed, even if Offit Kurman *were* party to the substantive appeals, the consummation of the settlement has now "passed beyond recall," rendering the appeals moot. *See In re Carr*, 321 B.R. at 708; *see also Riley v. Robey*, 25 F. App'x 149, 152–53 (4th Cir. 2002) (appeal of bankruptcy court's order vacating a stay to allow foreclosure sale was moot because debtor failed to obtain a stay of the order and the foreclosure deprived the court of any proper remedy) (citing *Farmers Bank v. Kittay*, 988 F.2d 498, 499 (4th Cir. 1993)).[6]

Because the appeals are moot, the Court lacks subject matter jurisdiction over them. As such, dismissal does not implicate the merits of the underlying settlement regarding Lot 6 proceeds. The purposes of the § 362(a) stay are consistent with dismissal here. *See ComUnity Collectors*, 2012 WL 3249509, at *4–*5; *Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 458–59 (9th Cir. 1992) (action could be dismissed on mootness grounds despite § 362(a) stay).

In fact, applying the § 362(a) stay in this context would work a peculiar outcome: Kelly seeks the protection of a stay to stall appeals that she took—either jointly with or in parallel to Myers. It would "be odd to apply one of the fundamental debtor protections provided by the bankruptcy laws to prevent the debtor[s] . . . from litigating a motion they themselves have filed

---

[6] Appellants make scattershot arguments regarding the impermissibility of the Trustee's administration of the Lot 6 proceeds, both because Lot 6 was owned by Appellants as tenants by the entirety and because of Myers' claimed exemptions in the bankruptcy case, the objections to which were overruled by the Bankruptcy Court. *See generally* ECF No. 22 at 17–25. The Court will not reach these arguments because they effectively go to the merits of the underlying consummated transaction and are thus moot.

and briefed." 286 F. Supp. 2d at 563 (internal quotation marks and citation omitted); *see In re Gecy*, 510 B.R. 510, 522–23 (Bankr. D.S.C. 2014) (section 362(a)(1) stay did not apply to counterclaim initiated by the debtor; a motion for summary judgment on the counterclaim was not barred by stay because it would "stretch[ ] the language" of § 362(a)(3) to consider the motion as constituting an act to obtain possession of property of the estate).

Furthermore, the Lot 6 settlement was consummated before Kelly filed her new Chapter 13 petition, and so the subject of these appeals was mooted before Kelly sought the bankruptcy protection which triggered the stay. Dismissing these appeals on mootness grounds will not affect the property of Kelly's estate and causes no change in priority of her creditors. Consequently, "the purposes of the Bankruptcy Code are in no way infringed by the dismissal" of these appeals "without any additional cost or risk to the bankrupt or its creditors." *Sawyer*, 224 F. Supp. at 462 (internal marks omitted) (quoting *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 852 F. Supp. 226, 228 (S.D.N.Y. 1994)).

The Trustee does not squarely address whether the § 362(a) stay applies to an action that must be dismissed for lack of jurisdiction. Rather, the Trustee suggests that this Court withdraw the reference in Bankruptcy Court as to Kelly's Chapter 13 proceeding,[7] lift the stay, and then dismiss these appeals as moot. The Court has found no current authority in this District or the Fourth Circuit to suggest the legal propriety of this suggested approach. Although this Court's decision in *Furness v. Lilienfield*, 35 B.R. 1006, 1010–11 (D. Md. 1983), arguably provides straightforward support for this position, the authority on which *Furness* largely relied was subsequently overturned. *See NLT Comput. Servs. Corp. v. Capital Comp. Sys., Inc.*, 755 F.2d

---

[7] Under 28 U.S.C. § 157(a) and by operation of Local Rule 402, all bankruptcy proceedings in this District are referred to the Bankruptcy Court. Pursuant to 28 U.S.C. § 157(d), this Court may withdraw the reference in whole or in part for cause shown, and require a bankruptcy case (or a part of such a case) to proceed in District Court.

1253, 1258 (6th Cir. 1985). However, because the Court has determined that dismissal on constitutional mootness grounds is eminently appropriate and does no violence to the purposes of § 362(a), the Court need not withdraw the reference or lift the stay.

### IV. Conclusion and Order

For the reasons stated above, the current appeals are moot and must be dismissed for lack of subject matter jurisdiction. Therefore, it is this 27th day of June, 2018, by the United States District Court for the District of Maryland, ORDERED that:

1. The Motion for Relief from Stay and to Dismiss Appeals as Moot filed by Appellee ROGER SCHLOSSBERG (ECF No. 19, Civil Action No. PX-17-3846; ECF No. 17, Civil Action No. PX-17-3847; ECF No. 11, Civil Action No. PX-18-0336) BE, and the same hereby IS, GRANTED IN PART and DENIED IN PART;

2. The Motion for Extension of Time filed by Appellants (ECF No. 20, Civil Action No. PX-17-3846; ECF No. 18, Civil Action No. PX-17-3847; ECF No. 12, Civil Action No. PX-18-0336), BE, and the same hereby IS, DENIED AS MOOT;

3. The Motion for Leave to File Surreply filed by Appellants (ECF No. 24, Civil Action No. PX-17-3846; ECF No. 22, Civil Action No. PX-17-3847; ECF No. 16, Civil Action No. PX-18-0336), BE, and the same hereby IS, DENIED;

4. The appeals filed by Barbara Ann Kelly and Gregory B. Myers, Civil Action Nos. PX-17-3846, PX-17-3847, and PX-18-0336, are DISMISSED AS MOOT;

5. The Clerk is directed to transmit copies of this Memorandum Opinion and Order to Appellants and counsel for Appellees;

6. The Clerk is directed to CLOSE these appeals.

| | |
|---|---|
| 6/27/2018 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |